IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WIRELESS RECOGNITION TECHNOLOGIES LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:10-cv-364 |
| A9.COM, INC., AMAZON.COM, INC., GOOGLE, INC., NOKIA, INC. and RICOH INNOVATIONS, INC. | § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Wireless Recognition Technologies LLC ("WRT"), for its Complaint herein against Defendants A9.com, Inc. ("A9"), Amazon.com, Inc. ("Amazon"), Google, Inc. ("Google"), Nokia, Inc. ("Nokia") and Ricoh Innovations, Inc. ("Ricoh") (collectively, "Defendants"), upon personal knowledge as to its own actions and upon information and belief as to the actions of others, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement.

## PARTIES

2. Plaintiff WRT is a limited liability company organized and existing under the laws of Texas, having its principal place of business at 6136 Frisco Square Blvd., Suite 400, Frisco, TX 75034.

3. On information and belief, Defendant A9.com, Inc. ("A9") is a Delaware corporation with its corporate headquarters and principal place of business at 130 Lytton Avenue, Suite 300, Palo Alto, California 94301. A9 has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Upon information and belief, Defendant Amazon is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1200 12th Avenue South, Seattle, Washington 98144. Amazon may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC, 6500 Harbour Heights Parkway, Mukilteo, Washington 98275.

5. Upon information and belief, Defendant Google is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google may be served with process through its registered agent, Corporation Services Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

6. Defendant Nokia, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6000 Connection Drive, Irving, Texas 75039. Nokia Inc. may be served with process by serving its registered agent, National Registered Agents, Inc., at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

7. On information and belief, Defendant Ricoh Innovations, Inc. is a California Corporation with its principal place of business at 2882 Sand Hill Road, Suite 115, Menlo Park, CA 94025, USA. Ricoh Innovations, Inc. has appointed Kevin Ridout at 2882 Sand Hill Road, Suite 115, Menlo Park, CA 94025 as its agent for service of process.

**JURISDICTION AND VENUE**

8.  This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.* This court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

10. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**
**A9'S INFRINGEMENT OF U.S. PATENT NO. 7,392,287**

11. Paragraphs 1 – 8 are incorporated herein by reference.

12. WRT is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 7,392,287 ("the '287 patent"), entitled "Method and Apparatus for Sharing Information Using a Handheld Device," which was duly and legally issued on June 24, 2008 to inventor Raymond F. Ratcliff, III. A true and complete copy of the '287 patent is attached hereto as Exhibit A.

13. The '287 patent claims systems and methods for sending information to a data processing apparatus for identifying a document to share with a recipient.

14.     A9 makes and uses software to identify documents and items, including its Snaptell mobile application for the iPhone and Android platforms (see http://www.snaptell.com/apps/). For example, Snaptell allows a user to capture an image of an item with their handheld device, which Snaptell then identifies.

15.     On information and belief, Snaptell has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '287 patent in this judicial district, and elsewhere in the United States. Infringements by A9 include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Snaptell's mobile application for the iPhone and Android platforms, infringing one or more claims of the '287 patent. A9 is thus liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

16.     WRT has been damaged by A9's infringement of the '287 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins A9 from further infringement.

## COUNT II
## AMAZON'S INFRINGEMENT OF U.S. PATENT NO. 7,392,287

17.     Paragraphs 1 – 15 are incorporated herein by reference.

18.     WRT is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 7,392,287 ("the '287 patent"), entitled "Method and Apparatus for Sharing Information Using a Handheld Device," which was duly and legally issued on June 24, 2008 to inventor Raymond F. Ratcliff, III. A true and complete copy of the '287 patent is attached hereto as Exhibit A.

19.     The '287 patent claims systems and methods for sending information to a data processing apparatus for identifying a document to share with a recipient.

20. Amazon makes and uses software to identify documents and items, including Amazon's mobile application for iPhone, Android and Blackberry platforms with the Amazon Remembers feature (see http://www.amazon.com/gp/feature.html?ie=UTF8&docId=1000291661, http://www.amazon.com/gp/anywhere/sms/android, and http://www.amazon.com/gp/anywhere/sms/bbapp). For example, Amazon Remembers allows a user to capture an image of an item with their handheld device, which are then used for identification.

21. On information and belief, Amazon has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '287 patent in this judicial district, and elsewhere in the United States. Infringements by Amazon include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Amazon's mobile application with the Amazon Remembers feature, infringing one or more claims of the '287 patent. Amazon is thus liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

22. WRT has been damaged by Amazon's infringement of the '287 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Amazon from further infringement.

## COUNT III
## GOOGLE'S INFRINGEMENT OF U.S. PATENT NO. 7,392,287

23. Paragraphs 1-15 are incorporated herein by reference.

24. WRT is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 7,392,287 ("the '287 patent"), entitled "Method and Apparatus for Sharing Information Using a Handheld Device," which was duly and legally issued on June 24,

2008 to inventor Raymond F. Ratcliff, III. A true and complete copy of the '287 patent is attached hereto as Exhibit A.

25. The '287 patent claims systems and methods for sending information to a data processing apparatus for identifying a document to share with a recipient.

26. Google makes and uses software to identify documents and items, including its Google Goggles mobile application (see http://www.google.com/mobile/goggles/#text) and Google Shopper (see http://www.google.com/mobile/shopper/). For example, Google Goggles allows a user to capture an image of an item with their handheld device, which Google then identifies. Similarly, Google Shopper allows a user to capture an image of an item with their handheld device, which are then used for identification.

27. On information and belief, Google has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '287 patent in this judicial district, and elsewhere in the United States. Infringements by Google include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Google's Google Goggles and Google Shopper mobile applications, infringing one or more claims of the '287 patent. Google is thus liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

28. WRT has been damaged by Google's infringement of the '287 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Google from further infringement.

## COUNT IV
## NOKIA'S INFRINGEMENT OF U.S. PATENT NO. 7,392,287

29. Paragraphs 1-15 are incorporated herein by reference.

30. WRT is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 7,392,287 ("the '287 patent"), entitled "Method and Apparatus for Sharing Information Using a Handheld Device," which was duly and legally issued on June 24, 2008 to inventor Raymond F. Ratcliff, III. A true and complete copy of the '287 patent is attached hereto as Exhibit A.

31. The '287 patent claims systems and methods for sending information to a data processing apparatus for identifying a document to share with a recipient.

32. Nokia makes and uses cellular phones and software to identify documents and items, including Nokia's Point and Find mobile application (see http://store.ovi.com/content/8758). For example, Nokia's Point and Find mobile application allows a user to capture an image of an item with their handheld device, which are then used for identification.

33. On information and belief, Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '287 patent in this judicial district, and elsewhere in the United States. Infringements by Nokia include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Nokia's cellular phones capable of using Nokia's Point and Find mobile application, infringing one or more claims of the '287 patent. Nokia is thus liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

34. WRT has been damaged by Nokia's infringement of the '287 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Nokia from further infringement.

## COUNT V
## RICOH'S INFRINGEMENT OF U.S. PATENT NO. 7,392,287

35. Paragraphs 1-15 are incorporated herein by reference.

36. WRT is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 7,392,287 ("the '287 patent"), entitled "Method and Apparatus for Sharing Information Using a Handheld Device," which was duly and legally issued on June 24, 2008 to inventor Raymond F. Ratcliff, III.  A true and complete copy of the '287 patent is attached hereto as Exhibit A.

37. The '287 patent claims systems and methods for sending information to a data processing apparatus for identifying a document to share with a recipient.

38. Ricoh makes and uses software to identify documents and items, including mobile applications for the iPhone, such as French Rev and DriveTube (see http://beta.rii.ricoh.com/betalabs/content/french-rev-iphone-app-0, and http://beta.rii.ricoh.com/betalabs/content/drivetube-iphone-application).  For example, Ricoh's mobile applications for the iPhone allow a user to capture an image of an item with their handheld device, which are then used for identification.

39. On information and belief, Ricoh has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '287 patent in this judicial district, and elsewhere in the United States.  Infringements by Ricoh include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least mobile application for the iPhone, infringing one or more claims of the '287 patent. Ricoh is thus liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

40. WRT has been damaged by Ricoh's infringement of the '287 patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Ricoh from further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '287 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '287 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '287 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## JURY DEMAND

WRT, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 14, 2010                    Respectfully submitted,

/s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

*Of Counsel*
Cameron H. Tousi
David M. Farnum
Ralph P. Albrecht
**ALBRECHT TOUSI & FARNUM PLLC**
1701 Pennsylvania Ave, NW Ste 300
Washington, D.C. 20006
Tel: (202) 349-1490
Fax: (202) 318-8788

**ATTORNEYS FOR PLAINTIFF WIRELESS RECOGNITION TECHNOLOGIES LLC**